IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT E. GUY, INDIVIDUALLY AND
ROBERT E. GUY, WRONGFUL DEATH
BENEFICIARY OF PEGGY GUY, DECEASED                              PLAINTIFF

v.                                              CIVIL ACTION NO. 2:15-CV-146-KS-MTP

FORNEA 5, LLC                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [31] filed by Defendant Fornea 5, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I.  BACKGROUND

This action is centered around a vehicle collision during which a car driven by Plaintiff Robert E. Guy ("Plaintiff") collided with a truck and trailer driven by Thomas Owens ("Owens"), who was employed at the time by Defendant Fornea 5, LLC ("Defendant"). This collision occurred in the southbound lane of MS Highway 13 in Marion County, Mississippi, on January 29, 2015. Plaintiff was traveling south at 59 miles per hour, as measured by the airbag control module of his car. Owens exited a lumber plant and entered the southbound lane in front of Plaintiff. Owens claims he did not see Plaintiff's car, though he admits, from the exit of the lumber plant, he could see "almost to Expo [sic]," referring to a community more than a mile north of the plant. (Owens Depo. [40-3] at 58:7-15.) The data from the truck's monitoring systems is unavailable due to a failure to preserve, but Owens testified that he "[c]ouldn't have been going no [sic] more than fifteen miles an hour" because he had only shifted gears once and would not have been able to accelerate

any faster with a loaded truck. (*Id.* at 63:13-24.) Plaintiff testified that Owens "pulled out ahead of [them]" and stopped in the lane, at which point he "did all [he] could to avoid the accident." (Guy Depo. [40-2] at 43:7-19.) Plaintiff braked five seconds before impact, slowing to 52 miles per hour before colliding with the back of the trailer. (*Id.* at 36:13-23; *see also* Walton Report [40-1] at p. 5.) Plaintiff lost consciousness upon impact, and his wife, Peggy Guy, sustained fatal injuries as a result of the collision. Owens did not become aware of the collision until flagged down by people at a gas station,[1] who told him that a car was lodged under the back of his trailer. (Owens Depo. [40-3] at 41:19-42:6.) Owens admits that he does not know where the collision occurred, only that it occurred before he reached the gas station and that he believes Plaintiff could not have hit him right after he exited the lumber plant because the car was "nowhere insight" when he pulled out. (*Id.* at 42:23-43:6.)

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek*

---

[1] The Court has not been made aware of the precise location of this gas station in relation to the lumber plant.

*Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138.

### B.     Defendant's Motion for Summary Judgment [31]

The Mississippi Supreme Court has held that "except in the clearest cases[,] questions of negligence are for the jury." *Caruso v. Picayune Pizza Hut, Inc.*, 598 So.2d 770, 773 (Miss. 1992) (quoting *Bell v. City of Bay St. Louis*, 467 So.2d 657, 664 (Miss 1985)) (internal quotations omitted). Despite whether facts are disputed or not, "where reasonable minds may reach different conclusions, negligence is a jury issue." *Id.* (citations omitted).

Defendant relies heavily on their expert witness's opinion as to where the collision took place and how far from the lumber plant Plaintiff's car had to have been prior to Owens pulling out based on this point of collision. This analysis is far from undisputed as the testimony given by Plaintiff, who is the only living and identifiable witness to the actual collision, would place the collision closer to the lumber plant's driveway where Owens first entered the highway. (*See* Guy Depo. [40-2] at 43:7-19.) The Court is unsure how Defendant's expert arrived at the point of impact that he did, as the report asserts it as an established fact rather than an opinion, (*see* Walton Report [40-1] at p. 5), but as this is summary judgment and all facts and inferences to be drawn must be

3

viewed in favor of the nonmoving party, *see Sierra Club*, 627 F.3d at 138, the Court takes as true Plaintiff's assertion that he saw Owens when he pulled out and immediately did all that he could to avoid an accident. (*See* Guy Depo. [40-2] at 43:5-9.)  Based on the fact that Plaintiff braked five seconds before impact and the fact that Defendant's expert opined that it would have taken Owens eighteen seconds to reach the point of impact he determined, a reasonable jury, taking Plaintiff's testimony as true, could infer that the collision occurred nearer to the lumber plant's driveway than Defendant's expert determined.  (*See id.* at 36:13-23; *see also* Walton Report [40-1] at p. 5.)  Because the expert's opinion that Plaintiff was approximately 1,124 feet[2] from the driveway when Owens entered the highway is based on his determination that the collision occurred about 372 feet from the driveway,[3] if one figure is incorrect, then both figures are incorrect.

Therefore, the expert report does not establish through "unimpeachable contradictory evidence and universal experience" that Plaintiff's testimony "is contradictory to the laws of nature." (Memo. in Support [32] at p. 5.)  Because Defendant's Motion for Summary Judgment [31] is premised on the argument that Plaintiff had ample time to observe Owens and avoid the collision and because the facts underlying this argument are disputed and a reasonable jury could resolve this dispute in favor of Plaintiff on the evidence in the record, the Court finds that the motion is not well taken and should be **denied**.

### III. CONCLUSION

---

[2] Even if this figure were taken to be true, because Owens testified that he could see nearly a mile of the highway north of the driveway when he pulled out, he should have been able to see Plaintiff's car even if it was 1,124 feet away. (*See* Owens Depo. [40-3] at 58:7-15.)  The question for the jury would then be whether it was negligence to pull out in front of Plaintiff at this distance.

[3] This distance is found nowhere else in the record other than in the expert's report, where it is asserted as a fact without reference to how it was determined.

IT IS THEREFORE ORDERED AND ADJUDGED Defendant's Motion for Summary Judgment [31] is **denied**.

SO ORDERED AND ADJUDGED this the   9th   day of January, 2017.

                                          s/ Keith Starrett
                                          KEITH STARRETT
                                          UNITED STATES DISTRICT JUDGE