IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT E. GUY**                                                                                              **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 2:15-CV-146-KS-MTP**

**FORNEA 5, LLC**                                                                                              **DEFENDANT**

<u>ORDER</u>

For the reasons and in the manner provided below, the Court **grants in part and denies in part** Defendant's Motion in Limine [46].

### A.   *Evidence Not Disclosed During Discovery*

First, Defendant made a scattershot request to exclude "any witness, testimony, documents or evidence not previously identified during discovery," listing a few broad categories of evidence. Additionally, Defendant specifically seeks to exclude the following evidence: a death certificate, testimony from any witness other than Robert Guy, any document not identified in Plaintiff's response to Interrogatory No. 7, and any economic damages not identified in Plaintiff's response to Interrogatory No. 15.

This Court has explained the rules regarding disclosure of evidence, including expert testimony, on numerous occasions. *See, e.g. Walker v. Target Corp.*, 2016 U.S. Dist. LEXIS 172138, at *2-*3 (S.D. Miss. Dec. 12, 2016); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *2-*6 (S.D. Miss. Sept. 11, 2016); *Seibert v. Jackson County*, No. 1:14-CV-188-KS-MTP, 2015 U.S. Dist. LEXIS 113106, at *3-*6 (S.D. Miss. Aug. 26, 2015). The Court has likewise explained the analysis to determine whether undisclosed evidence should be excluded from trial. *See,*

*e.g. Walker*, 2016 U.S. Dist. LEXIS 172138 at *2-*3; *Emerald Coast Finest Produce Co. v. Sunrise Fresh Produce, LLC*, No. 2:14-CV-166-KS-MTP, 2016 U.S. Dist. LEXIS 57403. *4-*8 (S.D. Miss. Apr. 29, 2016).

Among other things, the Court must consider the importance of the evidence and the potential prejudice to the party seeking exclusion – determinations that can not be made with regard to broad categories, rather than specific items, of evidence. Therefore, in the absence of more detailed argument from Defendant as to specific evidence to be introduced at trial – whether in the form of testimony, documents, or otherwise – this request is denied without prejudice. The Court notes, though, that the issue appears to be moot, insofar as Plaintiff's counsel represented in briefing that he has identified all evidence that he plans to introduce at trial.

The Court grants Defendant's request to exclude any "statement that Defendant failed to call any particular witness available equally to all parties herein." An "adverse inference is not appropriate when the witness is equally available to both parties." *United States v. Heard*, 709 F.3d 413, 421 (5th Cir. 2013); *see also Smith v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-35-KS-MTP, 2014 U.S. Dist. LEXIS 40994 at *3-*5 (S.D. Miss. Mar. 27, 2014). But determining whether a witness is "equally available" to both sides is not always a straightforward question. *See, e.g. United States v. MMR Corp.*, 907 F.2d 489, 501-502 (5th Cir. 1990). Therefore, if any attorney plans to make any such argument or statement, they must first raise the issue outside the presence of the jury so the Court can determine whether the uncalled witness is actually "equally available" to both sides.

### B. *Property Damage Settlement*

Defendant requests that the Court exclude any evidence of Plaintiff's property damage settlement with any insurer or party, pursuant to Rule 408's prohibition of evidence of compromise offer and negotiations. In response, Plaintiff represents that he presently has no intention of offering such evidence, but that if he does, he will offer it pursuant to the exceptions of Rule 408(b). Defendant's request is granted pursuant to Rule 408(a). FED. R. EVID. 408(a). If Plaintiff intends to offer evidence of any compromise offer or negotiation pursuant to the exceptions of Rule 408(b), his counsel shall bring it up at trial outside the jury's presence.

### C. *Miscellaneous Records*

Defendant seeks the exclusion of all evidence of its driver's (Thomas J. Owens) history and records related to his training, employment, personnel matters, criminal arrests or convictions, traffic citations, medical conditions, alcohol or drug use, and driver qualifications. The Court can not assess the admissibility of evidence that is not before it. Therefore, the Court denies this request without prejudice to Defendant's right to raise it again at or before trial with respect to *specific* items of evidence.

### D. *"Good Driver" Evidence*

Defendant seeks to exclude any testimony that Plaintiff was a "good driver" or any evidence of prior acts introduced as character evidence, pursuant to Rule 404. However, Defendant contends that prior and subsequent acts of Plaintiff should still be admissible under Rule 406 as evidence of a habit or routine practice. Defendant has not directed the Court to any specific evidence, and the Court can not assess the

admissibility of evidence not before it. This request is denied without prejudice to Defendant's right to raise it again at or before trial as to *specific* items of evidence.

### E.  *Expert Testimony*

Defendant contends that Plaintiff did not disclose any expert testimony or designate any experts by his designation deadline. In response, Plaintiff argues that he has, in fact, designated experts. As the Court noted above, there are several factors the Court must consider to determine whether it should exclude evidence because a party failed to disclose it during discovery. The Court can not make that determination with the scant information provided by the parties. The Court denies this request without prejudice to Defendant's right to raise it again at or before trial as to *specific* expert testimony.

### F.  *Medical Testimony*

Defendant argues that Plaintiff did not designate any medical providers as expert witnesses. Accordingly, Defendant argues that Plaintiff may not introduce any medical opinion testimony at trial. In response, Plaintiff contends that he has, in fact, designated medical experts. Once again, there is a specific analysis the Court must apply to determine the admissibility of undisclosed expert testimony, including testimony by a treating physician. *See, e.g. Barnett*, 2016 U.S. Dist. LEXIS 123114 at *2-*8; *Gerald v. Univ. of S. Miss.*, No. 2:12-CV-147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *10-*20 (S.D. Miss. Oct. 10, 2013). The Court can not make this determination based on the vague information provided in briefing. The Court denies this request without prejudice to Defendant's right to raise it again at or before trial

as to *specific* expert testimony.

### G.     Lay Opinions

Defendant argues that the Court should exclude any opinion testimony from lay persons – including Plaintiff – regarding the cause of Plaintiff's wife's death. In response, Plaintiff represents that he has no intention of presenting such testimony. The Court can not apply the analysis required by Rule 701 to testimony that is not currently before it. *See Seibert*, 2015 U.S. Dist. LEXIS 113106 at *7-*10 (providing lay opinion analysis). The Court denies this request without prejudice to Defendant's right to raise it again at or before trial as to *specific* testimony.

### H.     Medical Records, Bills, Etc.

Defendant argues that any evidence concerning medical records, medical bills, or other documentary evidence in support of Plaintiff's damages that was not produced during discovery must be excluded from trial. In response, Plaintiff argues that Defendant does, in fact, have Plaintiff's medical records, having received a HIPAA authorization and acquired them directly from medical providers. As explained many times above, the Court can not apply the required analysis to evidence which is not before it. The Court denies this request without prejudice to Defendant's right to raise it again at or before trial as to *specific* medical records.

### I.     Liability Insurance

Defendant argues that the Court must exclude all evidence of its liability insurance pursuant to Rule 411. In response, Plaintiff contends that such information may be relevant to his claims, but he failed to articulate the basis of such alleged

5

relevance. Rule 411 provides that evidence of liability insurance is not admissible to prove negligence or other wrongful acts, but can be admissible to show "bias or prejudice or prov[e] agency, ownership, or control." FED. R. EVID. 411. Insofar as Plaintiff intends to present evidence that Defendant was insured as part of his case-in-chief, such evidence must be excluded under Rule 411. However, barring any other issues affecting its admissibility, it will not be excluded if offered to prove "bias or prejudice or prov[e] agency, ownership, or control." *Id.*

### J. *Inflammatory Comments/Evidence*

Defendant argues that the Court must exclude any references to Defendant's size or wealth, any appeals to local prejudice against it or its driver, and any argument which invites the jury to act as a "conscience of the community." In response, Plaintiff's counsel generally represents that he "certainly intends to do everything in its power at trial to attempt to inflame the jury and encourage the jury to decide the case on the basis of passion and prejudice against Defendant."

A "conscience-of-the-community" argument is "any impassioned and prejudicial plea intended to evoke a sense of community loyalty, duty, and expectation," which "invokes the parties' relative popular appeal, identities, or geographical locations to prejudice the viewpoint of the jury against an out-of-state corporation." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). Such arguments are improper. *Id.* Accordingly, the Court grants Defendant's motion in limine with respect to such comments and arguments.

Plaintiff specifically represented that he intends to elicit testimony as to the

6

domicile of the Defendant and its driver. Such testimony is wholly irrelevant to Plaintiff's claims. Accordingly, the Court grants Defendant's motion as to such questioning, comments, arguments, or evidence.

Plaintiff also represented that he intends to elicit testimony as to where and how much Defendant's expert witness was paid for his testimony. Where Defendant's expert witness was paid is irrelevant to any issue in this case, and, therefore, such evidence must be excluded. However, how much Defendant's expert was paid is relevant to his credibility and may be offered to impeach his testimony. *See Fleming v. Bruce Marine Transp., Inc.*, No. 91-3460, 1993 U.S. App. LEXIS 39044, at *18-*19 (5th Cir. 1993).

### K.    *Accident Report*

Defendant argues that any evidence or argument related to any opinion by Officer Hunter Forbes related to the underlying automobile accident should be excluded as hearsay and as improper lay opinion testimony. It is not clear whether Defendant seeks the exclusion of the entire report, or just portions of it. Likewise, Defendant did not specify which sections of the report it believes to be improper opinion testimony. Although a copy of the accident report is in the record [40-5], Defendant did not refer to it. Without a more specific argument from Defendant, the Court declines to address this issue. Accordingly, the Court denies this request without prejudice to Defendant's right to raise it again at or before trial.

### L.    *Medical Bills*

Defendant argues that the Court should exclude all evidence and argument relating to the medical bills of Plaintiff and his deceased wife. Defendant contends that

7

Plaintiff violated Rule 26 by failing to provide an itemization of damages. Defendant also argues that Plaintiff failed to lay a proper foundation for the medical necessity of such medical treatment.

Once again, Defendant has not provided the Court with sufficient information to conduct the proper analysis to determine whether Plaintiff's alleged failure to comply with Rule 26 merits exclusion of the evidence. Likewise, the Court can not make any determination regarding the proper foundation for such medical billing without having the bills and supporting testimony for its consideration. The Court denies this request without prejudice to Defendant's right to raise it again at or before trial.

### *M.*     *Settlement*

Defendant argues that the Court should exclude all evidence or argument related to any settlement negotiations or offers to compromise among the parties in this matter. The Court grants this motion pursuant to Rule 408(a). FED. R. EVID. 408(a). To the extent Plaintiff intends to offer any evidence of compromise offers or negotiations pursuant to Rule 408(b), the Court directs Plaintiff's counsel to bring it up at trial outside the presence of the jury.

### *N.*     *Hearsay in Medical Records*

Defendant argues that the Court should exclude any evidence in the medical records as to the cause of the accident that was not "communicated directly from [Plaintiff] Robert Guy to medical care personnel" on the basis that it is hearsay. In response, Plaintiff represents that he has no intention of introducing such evidence.

Defendant did not refer to any specific medical record or statement therein. The Court declines to address the admissibility of evidence that is not before it. Therefore, the Court denies this request without prejudice to Defendant's right to raise it again at or before trial.

## O. Conclusion

For the reasons and in the manner provided above, the Court **grants in part and denies in part** Defendant's Motion in Limine [46]. The Court declined to address a substantial portion of Defendant's motion because Defendant had not provided specific arguments or the disputed evidence for the Court's consideration. To the extent the parties wish to resolve these disputes before trial, Defendant may raise them again – with greater specificity – via motion before trial, despite the expiration of applicable case deadlines. The Court advises the parties to consider its opinions cited above when preparing to argue such issues.

SO ORDERED AND ADJUDGED, on this, the ___14th___ day of February, 2017.

                                                     ___s/Keith Starrett_____
                                                     UNITED STATES DISTRICT JUDGE